IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JONI LOZANO as Next Friend of A.H., a minor <br><br> v. <br><br> DONNA INDEPENDENT SCHOOL DISTRICT | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO._____ <br> § <br> § <br> § <br> § |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

I. **Introduction**

    1.1    This is a sexual assault and molestation action for money damages brought by JONI LOZANO as Next Friend of A.H., A Minor, arising from violations of her federal civil rights committed by the named defendant.

II. **Parties**

    2.1    Plaintiff, JONI LOZANO as Next Friend of A.H., A Minor resides in Hidalgo County, Texas.

    2.2    Defendant DONNA INDEPENDENT SCHOOL DISTRICT (hereinafter "Defendant DONNA ISD"), is political subdivision of Hidalgo County, Texas. Defendant DONNA ISD is responsible for the policies, practices, and customs of its school district, as well as the acts or omissions of its teacher Guillermo Arriaga. DONNA ISD can be served with process by serving the Superintendent of Schools, Jesus Rene Reyna, at 116 N. 10th Street, Donna, TX 78537.

III.     **Jurisdiction and Venue**

    3.1     Pursuant to 28 U.S.C. § 1331, the court has original, federal question jurisdiction over Plaintiff's claims under Title IX of the Education Amendments of 1972. Additionally, the court has original, federal question jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims against defendant.  The Court has supplemental jurisdiction over the state law claims in this suit pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims in that all of such federal and state claims form part of the same case or controversy under article III of the United States Constitution.

IV.     **Background**

    4.1     When it is alleged in this complaint that Defendant DONNA ISD committed any act and/or omission, it is meant that Defendant DONNA ISD and/or its officers, principles, agents, teachers, employees, or representatives committed such act and/or omission and that at the time, it was done with full authorization and/or ratification of Defendant DONNA ISD or done in the normal and routine course and scope of employment of Defendant DONNA ISD and/or its officers, principles, agents, teachers, employees, or representatives.

    4.2     Beginning in 2014, and continuing through 2015, Guillermo Arriaga, while under the employment, supervision and control of Defendant DONNA ISD as a teacher, sought after and sexually violated A.H., a Minor.  Such conduct on the part of Arriaga occurred at Donna High School in the DONNA ISD. At the time of the sexual violations, Arriaga was a teacher A.H. was a minor attending that school.

4.3  On or about January 16, 2015, the Donna Police Department began their investigation of Arriaga. Arriaga was later arrested, indicted, and charged in Hidalgo County, Texas with aggravated sexual assault of a minor.

4.4  Plaintiff alleges that in Arriaga committing such acts and/or omissions, Defendant ARRIAGA was the agent and employee of Defendant DONNA ISD and was acting within such agency and employment, and was acting under the color of state law.

4.5  At all pertinent times, Defendant DONNA ISD authorized and/or ratified the wrongful tortious acts and/or omissions described herein. Such acts, committed as they were by a teacher for Defendant DONNA ISD are the acts of the District.

4.6  As a direct and proximate result of the said acts of DONNA ISD, A.H., a Minor, has suffered the following injuries and damages:

   a. Violation of her constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the united States Constitution to be free from state-sponsored deprivation of liberty without due process of law, free from the use of cruel and unusual punishment, and enjoyment of equal protection under the law; and

   b. Physical pain and suffering and emotional trauma and suffering.

4.7  Plaintiff further alleges that Defendant DONNA ISD either knew or had constructive knowledge of Defendant ARRIAGA's past history of improper sexual conduct with female students of DONNA ISD. Defendant DONNA ISD did not follow DONNA ISD policy or state law, and they failed to take action to protect Plaintiff A.H., a Minor's rights.

4.8  At all pertinent times, Defendant DONNA ISD authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

V.  **Claims for Relief**

  A.  **42 U.S.C. § 1983**

  5.1  The allegations contained in paragraphs 4.1 through 4.8 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

  5.2  The Civil Rights Act of 1871, now codified as 42 U.S.C. § 1983 as federal law provides:

  > Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the district of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

  5.3  The state action requirement for standing under 42 U.S.C. § 1983 is more commonly referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, Arriaga was the agent and employee of Defendant DONNA ISD and was acting under color of state law.

  5.4  42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity by the Constitution or law of the United States. As such, Plaintiff alleges that Defendant deprived A.H., a Minor, of her rights, privileges and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendant violated this provision, with respect to A.H., a Minor, by the following actions and/or omissions:

    a.    By using excessive force in sexually assaulting A.H., a Minor, and by acting with deliberate indifference to the needs of A.H., a Minor, which violated Plaintiff's Eighth Amendment protections against cruel and unusual punishments; and

    b.    By failing to intervene, where such intervention would have prevented the sexual assault of A.H., a Minor.

Defendants violated this provision with respect to A.H., a Minor, by the following acts and/or omissions:

    a.    By using objectionable sexual contact or conduct. Plaintiff therefore pleads that A.H., a Minor, was unlawfully assaulted and oppressed; and

    b.    By failing to intervene, where such intervention would have prevented the sexual assault and oppression of A.H., a Minor.

5.5    Defendant's actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrate the unreasonableness of Defendant's actions. Defendant failed to install, maintain and enforce the proper procedures and measures to prevent the acts in question as a matter of policy, which allowed and caused the alleged events to occur.

5.6    Pursuant to 42 U.S.C. §1983, Defendant DONNA ISD officials were policy makers for DONNA INDEPENDENT SCHOOL DISTRICT who, while acting with deliberate indifference under color of state law, deprived A.H., a Minor, of the rights, privileges, and immunities secured by the Constitution and laws of the United States. Plaintiff's specific rights that were violated are set forth herein. Such rights were violated when the named Defendant officials of DONNA INDEPENDENT SCHOOL DISTRICT, while acting with deliberate indifference towards their incumbent duties,

failed to fashion properly or to execute faithfully adequate municipal policies to govern the hiring, training, supervision, and discipline of teachers and/or principals. Said officials, as policymakers, proximately caused A.H., a Minor,'s injuries and damages when they committed the particular acts and/or omissions:

   a. Failing to train and supervise its teachers and/or principals adequately concerning their interaction with students;

   b. Failing to train school officials regarding the proper manner in which to investigate complaints concerning teachers/principals;

   c. Failing to train and supervise its teachers and/or principals and/or school officials regarding the proper manner for reporting suspected child abuse and/or improper relationships between a district employee and a student;

   d. Failing to adequately supervise the individual Arriaga;

   e. Failing to discipline adequately the individual Arriaga for his unlawful use of force and sexual assaults/misconduct;

   f. Responding with deliberate indifference to substantial, credible evidence of teacher/principal misconduct arising to the level of crime;

   g. Responding with deliberate indifference to substantial, credible evidence of teacher/principal misconduct arising to the level of crime and failing to follow the procedures prescribed by law to deal with such misconduct; and

   h. Failing to establish adequate procedures for reviewing teacher/principal performance, in general, and complaints involving allegations of sexual assault/misconduct by teachers/principals in particular.

5.7   Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the teacher/principal engaged in the conduct in good faith, there is no liability for that individual. The standard by which a teacher's entitlement to good faith qualified immunity is an objective, not a subjective, one. Arriaga's actions judged by such an objective standard protects "all but the plainly incompetent or those who knowingly violate the law." The

determination of objective reasonableness must be based on a version of the facts most favorable to Plaintiff. Questions of credibility are to be resolved by the fact-finder. In the instant case, Plaintiff alleges that Arriaga is not entitled to claim qualified good faith immunity as to any claims for relief or causes of action pled in this document. Importantly, Arriaga never acted in good faith of his conduct because he acted in a manner demonstrating that he was plainly incompetent and knowingly violated Plaintiff's civil rights. Any reason given by Arriaga for his unlawful actions and/or omissions does not warrant the application of qualified good faith immunity.

**B.    42 U.S.C. § 1985**

5.8    The allegations contained in paragraphs 4.1 through 5.7 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

5.9    Defendant is additionally liable to Plaintiff for the violation of 42 U.S.C. § 1985, in that two or more of them conspired for the purpose of:

   a. Depriving Plaintiff of equal protection of the law;

   b. Depriving Plaintiff of due process of the law; and

   c. Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons.

**C.    Assault and Battery**

5.10    The allegations contained in paragraphs 4.1 through 5.9 are herein incorporated by reference the same as if fully set forth verbatim for any and all purposes of this pleading.

5.11 As a pendent state cause of action, at all times material and relevant herein, Defendant DONNA ISD, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to A.H., a Minor, through unconsented physical contact with A.H., a Minor.

5.12 Under Texas law, the cause of action for offensive sexual conduct is simply one for assault and battery. Consequently, Plaintiff alleges that Defendant DONNA ISD committed an assault and battery upon Plaintiff. Said conduct of Defendant DONNA ISD was committed intentionally, knowingly, and/or recklessly and was the proximate cause of the personal injuries and emotional injuries to A.H., a Minor. Said injuries were the direct and immediate consequences of Defendant's wrongful act, and a natural and direct result of the assault and battery.

5.13 Defendant DONNA ISD committed an assault and battery upon A.H., a Minor, by intentionally and/or knowingly causing physical sexual contact with A.H., a Minor. Defendant DONNA ISD knew or should have reasonably believed that A.H., a Minor, would regard the contact as offensive and/or provocative. Defendant DONNA ISD knew or should have known that the acts, as previously described, were provocative, harmful, and/or offensive to A.H., a Minor. Said acts of Defendant DONNA ISD were committed intentionally, knowingly, and/or recklessly, and they were the proximate cause of bodily and emotional injuries to A.H., a Minor. Furthermore, said injuries were the direct and immediate consequences of Defendant DONNA ISD's tortious acts and a natural and direct result of the sexual conduct.

5.14 At no time was Defendant DONNA ISD privileged to take the action described herein as necessary. Moreover, Defendant DONNA ISD's assault and battery of Plaintiff was not objectively reasonable.

### D. Negligence and Negligence Per Se

5.15 The allegations contained in paragraphs 4.1 through 5.14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

5.16 Plaintiff asserts that Defendant DONNA ISD is liable for Negligence and Negligence *Per Se* resulting from the manner in which they handled the events that occurred on or about 2004 and 2005.

5.17 Plaintiff asserts that Defendant DONNA ISD is liable for the negligent hiring, supervising, training, and retention of Arriaga. Defendant DONNA ISD owed Plaintiff a duty to hire, supervise, train, and retain competent employees. Defendant DONNA ISD breached those duties with respect to Arriaga, as they failed to adequately investigate his background, which would have revealed the type of offensive and deviant conduct that he plied on A.H., a Minor, as a Defendant DONNA ISD teacher. Further, Defendant DONNA ISD breached those duties when they failed to adequately supervise, train and retain Arriaga. Defendant DONNA ISD's breaches of their duty to hire, supervise, train and retain competent employees proximately caused A.H., a Minor,'s injuries and damages.

### E. Title IX

5.18  The allegations contained in paragraphs 4.1 through 5.17 are herein incorporated by reference, the same as if fully set forth *verbatim* for any and all purposes of this pleading.

5.19  Defendant DONNA ISD is a regular recipient of federal funding and has been at all times relevant to this facts giving rise to this cause.

5.20  Plaintiff contends that Defendant DONNA ISD's failure to have policies, procedures, practices, and customs in place to assure Plaintiff A.H., a Minor was not a victim of harassment and sexual abuse based upon her gender and/or sexual assaults violated her rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.*

5.21  Defendant DONNA ISD acted through its teacher, Guillermo Arriaga, who, as a teacher, is an agent for Defendant DONNA ISD for purposes of Title IX.

### F. Intentional Infliction of Emotional Distress

5.22  The allegations contained in paragraphs 4.1 through 5.21 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Plaintiff asserts that the acts and/or omissions of Defendant render it liable for intentional infliction of emotional distress.

5.23  In the sexual assault of A.H., a Minor, Defendant acted intentionally and/or recklessly, and its conduct was so outrageous in character and extreme in degree that it went beyond all possible bounds of decency. Defendant's actions constituted outrageous conduct because it knowingly abused its position of authority as a teacher and knew that Plaintiff was particularly susceptible to emotional distress because she

was a minor at the time. Such conduct by Defendant DONNA ISD proximately caused Plaintiff's emotional distress, which was severe, as the acts caused her embarrassment, fright, horror, grief, shame, humiliation, and worry.

## VI. Damages

6.1 As a result of the foregoing unlawful and wrongful acts of Defendant, Plaintiff has been caused to suffer general damages that include, but are not limited to, the following: physical pain and mental anguish in the past and future; pain and suffering in the past and future; and severe emotional and mental distress in the past and future.

6.2 Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover its attorney's fees and expert fees. Hence, Plaintiff further prays for all costs, attorney fees, and expert fees associated with bringing the present case to trial.

6.3 Plaintiff asserts that all conditions precedent to filing suit have occurred.

6.4 Plaintiff demands a trial by jury for which the fee is separately tendered.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendant along with reasonable attorneys' fees, including expert fees. Further, Plaintiff prays for all pre-judgment and post-judgment interest at the highest rate allowed by law that can be assessed against Defendant in the event of recovery, and Plaintiff prays for any and all further relief, to which she may show herself to be entitled.

Respectfully submitted,

**GARCIA, OCHOA & MASK, L.L.P.**

By: <u>/s/ Ricardo A. Garcia</u>
     RICARDO A. GARCIA
     State Bar No. 07643200
     LINO H. OCHOA
     State Bar No. 00797168
     820 South Main
     McAllen, Texas 78501
     Telephone No.: 956/630-2882
     Telecopier No.: 956/630-5393