IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JONI LOZANO as Next Friend of | § | |
| A.H. a minor | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-00058 |
| | § | (JURY REQUESTED) |
| | § | |
| DONNA INDEPENDENT SCHOOL DISTRICT | § | |
|     Defendant | § | |

**DEFENDANT'S DONNA INDEPENDENT SCHOOL DISTRICT
12(b)(6) MOTION TO DISMISS AND SUBJECT THERETO ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant DONNA INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and files this its 12(b)(6) Motion to Dismiss and Subject Thereto Answer to Plaintiff's Original Complaint and would respectfully show the Court the following:

**I.
BACKGROUND**

Plaintiff Joni Lozano as Next Friend of A.H., a Minor has filed suit against Defendant alleging a sexual and molestation action for money damages arising out of an alleged violation of her federal civil rights.  She articulated claims under 42 USC section 1983 alleging that her rights under the Fifth, Eighth and Fourteenth Amendments were violated and under 42 USC section 1985 asserting deprivations of equal protection under the law and due process.  She also alleged claims of assault and battery, negligence, negligence per se, Intentional Infliction of Emotional Distress and Title IX violations.

1

## II.
## ARGUMENTS AND AUTHORITY

**Plaintiff's Claims Against the Donna Independent School District under 42 U.S.C. section
1983 Should Be Dismissed**

Plaintiff has brought suit against the Donna Independent School District (Donna ISD)
under 42 U.S.C. § 1983.  Donna ISD can only be held liable under § 1983 if an official policy or
custom caused the alleged constitutional violation complained of by Plaintiff.  Leatherman v.
Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993); Monell v.
New York City Dep't of Social Services, 436 U.S. 685, 690 (1978).   To support a claim based
upon the existence of an official custom or policy, the Plaintiff must plead facts which show that:
1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew
of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the
moving force behind the violation. Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521,
532-533 (5th Cir.1996).  In the instant case, Plaintiff has failed to assert facts that even if taken as
true would show that Donna ISD's policymakers actually or constructively knew of some alleged
official policy or custom that deprived students of their constitutional rights and served as a
moving force behind a constitutional violation. Accordingly, Defendant contends that Plaintiff's
claims under 42 U.S.C. § 1983 should be dismissed.

**Plaintiff's Claims Against the Donna Independent School District under 42 U.S.C. section
1985 Should Be Dismissed**

Plaintiff alleges causes of action under 42 U.S.C. section 1985 claiming that "two or
more of them" conspired for the purpose of depriving Plaintiff of equal protection under the law
and due process under the law.  No actual alleged conspirators are identified and the subject
matter of the alleged conspiracy is also not identified.  As such these allegations do not
adequately state a claim that can be granted against Defendant in this litigation and should

therefore be dismissed.

**Plaintiff's Claims Against the Donna Independent School District under the 5th and 8th Amendments Should Be Dismissed**

Plaintiff alleges that Defendant violated her 5th Amendment (right to be free from self incrimination) and 8th Amendment (right to be free from cruel and unusual punishment) rights. The facts plead by Plaintiff do not state a claim regarding the privileges afforded to individuals under these amendments.   In particular, the allegations made by Plaintiff do not involve punishment, arrest, incrimination of any kind and no official with authority to arrest or incarcerate was implicated in any way.   Plaintiff has failed to state a claim that could be granted against Defendant for any violation of her 5th and 8th Amendment rights.    Accordingly, Defendant contends that Plaintiff's claims under the 5th and 8th Amendment should be dismissed.

**Plaintiff's Claims for Assault and Battery and Intentional Infliction of Emotional Distress Should Be Dismissed**

Defendant contends that Plaintiff's claims for Assault and Battery and Intentional Infliction of Emotional Distress are barred by the doctrine of sovereign immunity.   Section 101.057 of the Texas Civil Practice and Remedies Code specifically articulates that sovereign immunity is not waived against an entity such as the Donna ISD for claims arising out of intentional torts such as these.    Accordingly, Plaintiff's claims for Assault and Battery and Intentional Infliction of Emotional Distress should be dismissed.

**Plaintiff's Claims for Negligence and Negligence Per Se Should Be Dismissed**

Defendant contends that Plaintiff's claims for Negligence and Negligence Per Se are barred by the doctrine of sovereign immunity.   In particular, Section 101.051 of the Texas Civil Practice and Remedies Code specifically articulates that sovereign immunity is not waived in

negligence claims against a school district like Donna ISD unless such claim arises out of the operation or use of a motor vehicle or motor driven equipment.  *See* <u>Luna v Harlingen Consol. ISD</u>, 821 S.W.2d 442, 444 (Tex.App.-Corpus Christi 1991, writ denied).  The facts alleged herein do not trigger a waiver of Defendant's rights to sovereign immunity.  Accordingly, Plaintiff's claims for Negligence and Negligence Per Se should be dismissed.

**<u>Plaintiff's Claims Under Title IX Should Be Dismissed</u>**

For a school district to be held liable under Title IX in cases of alleged sexual abuse by a teacher to a student, the district's knowledge must encompass either actual knowledge of the precise instance of abuse giving rise to the case at hand, or actual knowledge of substantial risk that such abuse would occur.   <u>King v Humble Independent School District</u>, 25 F.Supp3d 973, 992 (S.D. Texas June 11, 2014) *Citing* <u>Rosa H. v. San Elizario I.S.D.</u>, 106 F.3d 648, 652-653 (5th Cir.1997).   To prevail in such a claim, the plaintiff seeking damages must show that "(1) an employee of a federal funding recipient with supervisory power over the alleged harasser (2) had actual knowledge of the harassment and (3) responded with deliberate indifference." <u>Gebser v Lago Vista ISD</u>, 118 S.Ct. 1989, 1999 (1998).  In the instant case, Plaintiff has failed to assert facts that even if taken as true would establish a cause of action under Title IX against Defendant.  Accordingly, Defendant contends that Plaintiff's claims under Title IX should be dismissed.

### III.

### DEFENDANT'SANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO MOTION TO DISMISS

1. Defendant denies the allegations in paragraph 1.1 of Plaintiff's Original Complaint.

2. Defendant admits the allegations in paragraph 2.1 of Plaintiff's Original Complaint.

3. Defendant denies the allegations contained in paragraph 2.2 of Plaintiff's Original Complaint because they are overbroad, vague and call for a legal conclusion.

4. Defendant admits the allegations contained in paragraph 3.1 of Plaintiff's Original Complaint with respect to the U.S. District Court for the Southern District of Texas, McAllen Division.

5. Defendant denies the allegations contained in paragraph 4.1 of Plaintiff's Original Complaint.

6. Defendant denies the allegations contained in paragraph 4.2 of Plaintiff's Original Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 4.3 of Plaintiff's Original Complaint.

8. Defendant denies the allegations in paragraph 4.4 of Plaintiff's Original Complaint.

9. Defendant denies the allegations in paragraph 4.5 of Plaintiff's Original Complaint.

10. Defendant denies the allegations in paragraph 4.6 of Plaintiff's Original Complaint.

11. Defendant denies the allegations in paragraph 4.7 of Plaintiff's Original Complaint.

12. Defendant denies the allegations in paragraph 4.8 of Plaintiff's Original Complaint.

13. Defendant denies the allegations in paragraph 4.9 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in paragraph 5.1 of Plaintiff's Original Complaint.

15. Defendant admits the allegations in paragraph 5.2 of Plaintiff's Original Complaint.

16. Defendant denies the allegations in paragraph 5.3 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in paragraph 5.4 of Plaintiff's Original Complaint but does not admit or deny the request for a legal conclusion regarding the scope of 42 U.S.C section 1983.

18. Defendant denies the allegations in paragraph 5.5 of Plaintiff's Original Complaint.

19. Defendant denies the allegations in paragraph 5.6 of Plaintiff's Original Complaint.

20. Defendant denies the allegations in paragraph 5.7 of Plaintiff's Original Complaint but does not admit or deny the request for a legal conclusion regarding the scope of qualified immunity under federal law.

21. Defendant denies the allegations in paragraph 5.8 of Plaintiff's Original Complaint.

22. Defendant denies the allegations in paragraph 5.9 of Plaintiff's Original Complaint.

23. Defendant denies the allegations in paragraph 5.10 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in paragraph 5.11 of Plaintiff's Original Complaint.

25. Defendant denies the allegations in paragraph 5.12 of Plaintiff's Original Complaint.

26. Defendant denies the allegations in paragraph 5.13 of Plaintiff's Original Complaint.

27. Defendant denies the allegations in paragraph 5.14 of Plaintiff's Original Complaint.

28. Defendant denies the allegations in paragraph 5.15 of Plaintiff's Original Complaint.

29. Defendant denies the allegations in paragraph 5.16 of Plaintiff's Original Complaint.

30. Defendant denies the allegations in paragraph 5.17 of Plaintiff's Original Complaint.

31. Defendant denies the allegations in paragraph 5.18 of Plaintiff's Original Complaint.

32. Defendant admits the allegations in paragraph 5.19 of Plaintiff's Original Complaint.

33. Defendant denies the allegations in paragraph 5.20 of Plaintiff's Original Complaint.

34. Defendant denies the allegations in paragraph 5.21 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in paragraph 5.22 of Plaintiff's Original Complaint.

36. Defendant denies the allegations in paragraph 5.23 of Plaintiff's Original Complaint.

37. Defendant denies the allegations in paragraph 6.1 of Plaintiff's Original Complaint.

38. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 6.2 of Plaintiff's Original Complaint.

39. Defendant denies the allegations in paragraph 6.3 of Plaintiff's Original Complaint.

40. Defendant admits the assertion in paragraph 6.4 of Plaintiff's Original Complaint.

41. Defendant denies Plaintiff is entitled to the relief requested in the Prayer of Plaintiff's Original Complaint.

## IV.
## AFFIRMATIVE DEFENSES

42. Defendant asserts that in the event it is found to be a prevailing party, it is entitled to reasonable attorney's fees at the discretion of the court.

43. Defendant asserts it is entitled to sovereign immunity from the claims raised by Plaintiff and that such immunity has not been waived.

6

44. Defendant would affirmatively assert that Plaintiff cannot recover in her claims against Defendant because no policy, custom or practice having a causal relation to the alleged conduct complained of by Plaintiff has been adopted or promulgated by Defendant.

45. Defendant asserts that Plaintiff's claims do not constitute a waiver of immunity as set forth in section 101.051 of the Texas Civil Practice and Remedies Code.

46. Defendant asserts that Plaintiff's claims do not constitute a waiver of immunity as set forth by section 101.057 of the Texas Civil Practice and Remedies Code.

**47.** Defendant asserts that it had no knowledge of the precise instance of any abuse giving rise to Plaintiff's alleged claims and had no actual knowledge of any substantial risk that an abuse would occur.

## V.
## <u>JURY DEMAND</u>

48. Defendant respectfully requests a trial by jury.

## VI.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant DONNA INDEPENDENT SCHOOL DISTRICT prays that Plaintiff take nothing from this suit, that it be dismissed from this cause of action, that it recover its courts costs and attorneys' fees associated with prosecuting this matter, and that the court grant Defendant such other and further relief to which it may be entitled to, either at law or in equity.

Signed on March 25, 2015.

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos
Brownsville, Texas 78520
Telephone:      (956) 547-7775
Facsimile:      (956) 547-7773


By: /s/ Eduardo G Garza
        Eduardo G Garza
        State Bar No. 00796609
        USDC Adm. No. 20916
        Roman "Dino" Esparza
        State Bar No.  00795337
        USDC Adm. No. 22703
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2015, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Defendant's submission of this document to the U.S. District Court electronically to the DCECF system.

/s/ Eduardo G Garza
Eduardo G Garza



## CERTIFICATE OF CONFERENCE

As this pleading involves a dispositive motion, there is no requirement for conference with respect to this motion.

/s/ Eduardo G Garza
Eduardo G Garza