UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JONI  LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-58 |
| | § | |
| DONNA I.S.D., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Pending before the Court is the "12(b)(6) Motion to Dismiss" filed by Donna Independent School District ("Defendant").[1] Joni Lozano, as Next Friend of A.H., a minor ("Plaintiff") failed to respond. Thus, the motion is considered as unopposed and the Court considers it as soon as practicable.[2] The Court notes that Plaintiff requested leave to amend her complaint,[3] which the Court granted, *ordering Plaintiff to file an amended complaint within seven days of the order*.[4] Though Plaintiff attached a proposed amended complaint to her motion, eliminating all of her original claims except her claim under Title IX of the Education Amendments of 1972 and adding additional facts regarding this claim,[5] she has yet to *file* an amended complaint on the record as instructed by the Court. Since the Court did not adopt the exhibit as the live pleading, the only petition on file is Plaintiff's original complaint.[6] Thus, the original complaint is the live pleading, and the Court must consider the claims and facts alleged

---

[1] Dkt. No. 6 ("Motion").
[2] LR 7.4, 7.2 of the *Local Rules of the United States District Court for the Southern District of Texas.*
[3] Dkt. No. 10.
[4] Dkt. No. 13.
[5] Dkt. No. 10, Exh. 2.
[6] Dkt. No. 1 ("Complaint").

therein when evaluating the motion to dismiss. After considering the motion, record, and relevant authority, the Court **GRANTS** the motion and **DISMISSES** the case.

## I.  Background

The following facts are recited by the Court as pleaded by Plaintiff in her complaint. Beginning in 2014 and continuing through 2015, Guillermo Arriaga ("Arriaga")[7] was a teacher at Donna High School, where he "sought after and sexually violated A.H, a Minor [*sic*]."[8] On or about January 16, 2015, the Donna Police Department investigated Arriaga, and he was later arrested, indicted, and charged in Hidalgo County, Texas with aggravated sexual assault of a minor.[9] Plaintiff states that "Defendant [] either knew or had constructive knowledge of [] Arriaga's past history of improper sexual conduct with female students of Donna ISD," but "Defendant [] did not follow Donna ISD policy or state law, and they failed to take action to protect Plaintiff A.H., a Minor's [*sic*] rights."[10]

## II.  Causes of Action in the Complaint

On February 9, 2015, Plaintiff filed a complaint against Defendant in this Court.[11] No claims are made against Guillermo Arriaga. Plaintiff clearly outlines causes of action under 42 U.S.C. §1983, 42 U.S.C. §1985, Title IX of the Education Amendments of 1972 ("Title IX"),[12] and state tort claims of assault and battery, negligence and negligence per se, and intentional infliction of emotional distress. Plaintiff also states that A.H. suffered a "[v]iolation of her constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the [U]nited States

---

[7]  The Court notes that, though Plaintiff occasionally refers to Guillermo Arriaga as "Defendant Arriaga" and oscillates between "Defendants" and "Defendant", Arriaga is not actually named as a defendant in this case.
[8]  Complaint at ¶4.2.
[9]  *Id.* at ¶4.3.
[10]  *Id.* at ¶4.7.
[11]  Dkt. No. 1.
[12]  20 U.S.C. §1681 *et seq.*

Constitution to be free from state-sponsored deprivation of liberty without due process of law, free from the use of cruel and unusual punishment, and enjoyment of equal protection under the law."[13]

### a. 42 U.S.C. §1983

With regards to the §1983 claim, Plaintiff alleges that Arriaga "was the agent and employee of Defendant [] and was acting within such agency and employment, and [*sic*] was acting under the color of state law."[14] Through the actions of Arriaga, A.H. experienced a violation of her rights, privileges and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment."[15] Plaintiff further claims that Defendant authorized and ratified all of Arriaga's wrongful actions, and that his acts "are the acts of the [Defendant]" because Arriaga was a teacher at that time.[16] The Court notes that throughout the complaint, Plaintiff repeatedly imputes the actions of Arriaga to Defendant and considers them the actions of Donna Independent School District. Thus, Plaintiff alleges Defendant violated A.H.'s rights by:

> using excessive force in sexually assaulting A.H. [] and by acting with deliberate indifference in the needs of A.H. [] which violated Plaintiff's[17] Eighth Amendment protections against cruel and unusual punishments; and [b]y failing to intervene, where such intervention would have prevented the sexual assault of A.H. [].[18]

With regards to the policymakers of Donna Independent School District and the municipal liability of Defendant as required by §1983, Plaintiff states that the school district

---

[13] Complaint at ¶4.6(a).

[14] *Id.* at ¶5.3.

[15] *Id.* at ¶5.4.

[16] *Id.* at ¶4.5.

[17] The Court notes that the complaint often uses "Plaintiff" and "A.H." interchangeably when, in fact, they are two different people and failure to properly distinguish the two can lead to illogical outcomes. For example, in this instance Joni Lozano, the plaintiff, is not actually alleging that her rights were violated but is alleging that the rights of A.H., the minor child, were violated.

[18] *Id.* at ¶5.4(the first a-b).

"officials" were policymakers, and they acted with deliberate indifference toward their duties by failing to "fashion properly or to execute faithfully adequate municipal policies to govern the hiring, training, supervision, and discipline of teachers and/or principals."[19] Such failures include: failing to train school officials regarding how to properly investigate complaints regarding teachers, failing to train school employees regarding how to report improper relationships between teachers and students, failing to properly discipline Arriaga, and responding with deliberate indifference to credible evidence of misconduct.[20]

     *b.   42 U.S.C. §1985*

In stating a claim under 42 U.S.C. §1985, Plaintiff simply states that:

> Defendant is additionally liable to Plaintiff for the violation of 42 U.S.C. §1985, in that two or more of them [*sic*] conspired for the purpose of [d]epriving Plaintiff of equal protection of the law; [d]epriving Plaintiff of due process of the law; and [h]indering the constituted authorities from giving or securing equal protection and due process of law to all persons.[21]

     *c.   Title IX*

Specifically regarding the Title IX claim, Plaintiff asserts that Defendant receives federal funding,[22] and that Defendant failed "to have policies, procedures, practices, and customs in place to assure Plaintiff [*sic*] A.H. [] was not a victim of harassment and sexual abuse based upon her gender."[23] Plaintiff further asserts that the sexual assaults by Arriaga violated her rights under Title IX.[24]

---

[19] *Id.* at ¶5.6.
[20] *Id.* at ¶5.6(a-h).
[21] *Id.* at ¶5.9.
[22] *Id.* at ¶5.19.
[23] *Id.* at ¶5.20.
[24] *Id.*

### d. *Texas State Law Tort Claims*

##### i. <u>Assault and Battery</u>

Plaintiff alleges a claim for assault and battery under Texas state law because "the cause of action for offensive sexual conduct is simply one for assault and battery."[25] Plaintiff further states that Defendant intentionally, knowingly, or recklessly caused physical sexual contact with A.H. that it should have known or reasonably believed was offensive or provocative, causing bodily and emotional injuries to A.H.[26]

##### ii. <u>Negligence and Negligence Per Se</u>

In alleging negligence and negligence per se, Plaintiff states that Defendant had "a duty to hire, supervise, train, and retain competent employees."[27] However, Defendant breached this duty when it "failed to adequately investigate [Arriaga's] background, which would have revealed the type of offensive and deviant conduct that he [conducted] on A.H.," and when Defendant "failed to adequately supervise, train and retain Arriaga."[28] Plaintiff claims that these breaches resulted in A.H.'s injuries.[29]

##### iii. <u>Intentional Infliction of Emotional Distress</u>

In her final claim, Plaintiff alleges that "Defendant acted intentionally and/or recklessly, and its conduct was so outrageous in character and extreme in degree that it went beyond all possible bounds of decency."[30] Plaintiff asserts that Defendant "abused its position of authority as a teacher and knew that Plaintiff was particularly susceptible to emotional distress because she

---

[25] *Id.* at ¶5.12.
[26] *Id.* at ¶5.13.
[27] *Id.* at ¶5.17.
[28] *Id.*
[29] *Id.*
[30] *Id.* at ¶5.23.

was a minor at the time."[31] These actions caused A.H. severe emotional distress because she experienced "embarrassment, fright, horror, grief, shame, humiliation, and worry."[32]

### III. The Instant Motion

In the Motion, Defendant claims that Plaintiff failed to sufficiently state a claim for each cause of action alleged. With regards to the 42 U.S.C. §1983 claim, Defendant asserts that "Plaintiff has failed to assert facts that even if taken as true would show that Donna ISD's policymakers actually or constructively knew of some alleged official policy or custom that deprived students of their constitutional rights and served as a moving force behind a constitutional violation" as required under municipal liability analysis.[33] Additionally, to the extent that Plaintiff is claiming a violation of A.H.'s Fifth and Eighth Amendment rights, Defendant states that "the allegations made by Plaintiff do not involve punishment, arrest, incrimination of any kind and no official with authority to arrest or incarcerate was implicated in any way."[34] Defendant further alleges that Plaintiff's 42 U.S.C. §1985 claim should be dismissed because Plaintiff failed to identify the alleged conspirators and the matter of the alleged conspiracy. Defendant advocates for dismissal of Plaintiff's Title IX claims because Plaintiff's complaint does not show "actual knowledge of the precise instance of abuse giving rise to the case at hand, or actual knowledge of substantial risk that such abuse would occur."[35] Additionally, Plaintiff failed to allege facts that show Defendant had knowledge of the harassment and acted with deliberate indifference required to state a cause of action under Title IX.[36] With regards to the state law claims, Defendant maintains that the claims are barred by the

---

[31] *Id.*
[32] *Id.*
[33] Motion at p. 2.
[34] *Id.* at p. 3.
[35] *Id.* at p. 4.
[36] *Id.*

doctrine of sovereign immunity under Texas Civil Practice and Remedies Code §101.051 and §101.057 and that this immunity is not waived for claims arising out of intentional torts or negligence claims not involving the operation of a motor vehicle.[37]

## IV. Cautionary Note

As an initial matter, the Court notes that Defendant has failed to comply with the Federal Rules of Civil Procedure with regard to the instant filing. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[38] Rule 10(b) in turn states that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[39] Though Defendant asserts their answer in numbered paragraphs, their motion to dismiss lacks numbered paragraphs entirely, hindering the Court's reference to their arguments. Defendant is cautioned that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

## V. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss Plaintiff's complaint if it fails to state a claim upon which relief can be granted.[40] To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[41] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[42] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the

---

[37] *Id.* at pp. 3-4.
[38] FED. R. CIV. P. 7(b)(2).
[39] FED. R. CIV. P. 10(b) (emphasis added).
[40] FED. R. CIV. P. 12(b)(6).
[41] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[42] *Twombly*, 550 U.S. at 555.

plaintiff.[43] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[44]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[45] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[46] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[47] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[48] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[49]

## VI. Plaintiff's Claim under 42 U.S.C. §1983

### a. Legal Standard

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983.[50] "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights."[51] Thus, to state a claim against an individual under Section 1983, a party must sufficiently plead (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state

---

[43] *Id.*
[44] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[45] 556 U.S. 662 (2009).
[46] *See id.* at 678-679.
[47] *See id.* at 679-680.
[48] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[49] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014).
[50] Complaint at ¶6.
[51] *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).

law.[52] In this instance, it is extremely unclear exactly what constitutional violation Plaintiff is alleging, but it appears that Plaintiff is at least in part claiming a violation of A.H.'s substantive due process rights. In that case, Plaintiff "must show that [she has] asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that [A.H. was] intentionally or recklessly deprived of that interest, even temporarily, under color of state law."[53] If Plaintiff is, in fact, also alleging a violation of her Eighth Amendment rights, she must show that she is a *prisoner* and that the *conditions of her confinement* constituted "cruel and unusual punishment."[54]

Additionally, a municipality or city may be liable to suit under Section 1983 if the claim is "based upon the implementation or execution of a policy or custom which was officially adopted by that body's officers."[55] To impose "municipal liability" on a municipal school district like Defendant, Plaintiff must prove the existence of: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.[56] "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory."[57] For municipal liability to attach to Defendant, the unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."[58]

---

[52] *Resident Council of Allen Parkway Vill. V. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993) (citing *West v. Atkins,* 487 U.S. 42, 48 (1998)).

[53] *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990)(citations omitted).

[54] *Wilson v. Seiter*, 501 U.S. 294 (1991).

[55] *Krueger v. Reimer,* 66 F.3d 75, 76 (5th Cir. 1995).

[56] *See Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

[57] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original).

[58] *Piotrowski*, 237 F.3d at 578.

Thus, consideration of the three principles of municipal liability is integral to distinguishing individual violations by employees from actions of the governmental entity itself.[59]

With regards to the policymaker, "[a]ctual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."[60] Additionally, the existence of a policy or custom can be established either through an authorized policymaker's "statement, ordinance, regulation, or decision," or a "persistent, widespread practice of [] officials and employees" that "is so common and well settled as to constitute a custom that fairly represents municipal policy."[61] Even if the policy or custom is facially innocuous, it can support liability under Section 1983 if it was "promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result."[62] Lastly, there must be a direct causal link between the policy and the constitutional deprivation.[63]

### b.   Analysis

Defendant claims that Plaintiff failed to allege facts that Defendant's "policymakers actually or constructively knew of some alleged official policy or custom that deprived students of their constitutional rights and served as a moving force behind a constitutional violation,"[64] warranting dismissal of the Section 1983 claim against this defendant. Plaintiff alludes to the policymakers by stating:

> Defendant Donna ISD officials were policy makers [*sic*] for Donna Independent School District who, while acting with deliberate indifference under color of state law, deprived A.H., a [m]inor, of the rights, privileges, and immunities secured by the Constitution and laws of the United States . . . Such rights were violated when

---

[59] *Id.*
[60] *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)(en banc).
[61] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam), *cert. denied*, 105 S.Ct. 3476 (1985).
[62] *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (citing *Bd. Of Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 407 (1997)).
[63] *Id.* at 580.
[64] Motion at p. 2.

the named Defendant officials of Donna Independent School District, while acting with deliberate indifference towards their incumbent duties, failed to fashion properly or to execute faithfully adequate municipal policies to govern the hiring, training, supervision, and discipline of teachers and/or principals.

However, it is unclear who exactly the "officials" are that Plaintiff references – an official could be the superintendent or the Donna High School principal, neither of which would be considered an appropriate policymaker. Under Texas law, a school district's board of trustees is the exclusive and final policymaking authority.[65] Plaintiff never once mentions the board of Donna Independent School District or alleged that the members of the board had actual or constructive knowledge of the litany of "failures" in training and supervision Plaintiff identified as connected to the deprivation of A.H.'s constitutional. Without alleging that the board, the policymaker, had the requisite knowledge of the policies complained of in the complaint and the pervasive failures alleged, Plaintiff fails to satisfy a vital prong in the municipal liability analysis, and the Court need not evaluate the convoluted constitutional arguments Plaintiff attempts to make or whether the "policies" served as a moving force behind a constitutional violation. Thus, Plaintiff's claims against Defendant under Section 1983 are hereby **DISMISSED**.

## VII.   Plaintiff's Claim under 42 U.S.C. §1985

Municipal liability for conspiracy under Section 1985 "requires a showing of "class-based, invidiously discriminatory animus behind the conspirator's action.""[66] There also must be evidence supporting the existence of a conspiracy.[67] Not only does Plaintiff fail to show any invidious discrimination or existence of a conspiracy, she fails even to articulate who was involved in the conspiracy and what the conspiracy entailed. The complaint is completely devoid

---

[65] *Rivera v. Houston Independent School District*, 349 F.3d 244, 247 (5th Cir. 2003)(citing to Tex. Educ. Code §11.151(b)).
[66] *Aly v. City of Lake Jackson*, 2015 WL 1089491 at *2 (5th Cir. 2015)(internal citations omitted).
[67] *Id.*

of any facts that could support this claim. Thus, Plaintiff's claims against Defendant under Section 1985 are hereby **DISMISSED**.

### VIII.   Plaintiff's Claim under Title IX

*a. Legal Standard*

Title IX generally prohibits sex discrimination in any education program or activity receiving federal funding.[68] The Supreme Court has long held that a Plaintiff may pursue a Title IX claim for monetary damages based on discrimination in the form of sexual harassment.[69] Later, in *Gebser v. Lago Vista*, the Supreme Court established a multi-part analysis for establishing a sexual harassment claim under Title IX against a federal funding recipient: (1) the recipient or appropriate person had actual notice of the sexual harassment; and (2) the recipient or appropriate person did not adequately respond, i.e. responded with deliberate indifference.[70] *Gebser* defined an "appropriate person" as, at a minimum, an official of the recipient who has authority to address an alleged discrimination and put in place measures to rectify the discrimination. As applied to this case, Plaintiff may not recover unless she can show that an appropriate person with the school district had *actual knowledge* of the discrimination against A.H. by Arriaga and did not "adequately" respond.[71] Pertinent to this case, "failure to promulgate a grievance procedure does not itself constitute 'discrimination' under Title IX" and the failure does not "establish the requisite actual notice and deliberate indifference."[72]

*b.  Analysis*

In the complaint, Plaintiff alleges that Defendant's failure to have policies, procedures, practices, and customs in place to assure her that she will be protected from sexual harassment

---

[68] 20 U.S.C. §1681.
[69] *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992).
[70] 524 U.S. 274 (1998).
[71] *Id.* at 290
[72] *Id.*

and abuse based upon her gender violates her rights pursuant to Title IX.[73] Plaintiff further alleges that Defendant had actual or constructive knowledge of Arriaga's past history of improper sexual conduct with female students.[74] However, she does not state that Defendant had actual notice of A.H., specifically, being sexually harassed. Additionally, though Plaintiff mentioned the words "actual or constructive knowledge" throughout the complaint, simply the words, without the requisite factual support, amounts to conclusory allegations that cannot meet the pleading standard. If Defendant did not have actual notice of the A.H. being sexually harassed, then the *Gebser* standard is not satisfied. Thus, Plaintiff's Title IX claim is hereby **DISMISSED**.

### IX. Plaintiff's State Law Tort Claims

Plaintiff alleges a cause of action for the intentional torts of assault and battery and intentional infliction of emotional distress. However, Defendant is protected from these claims under Texas Civil Practice and Remedies Code Section 101.057. The Texas Tort Claims Act waives government immunity for certain torts, but does not waive immunity when the claim arises out of an intentional tort.[75] Texas Civil Practice and Remedies Code Section 101.057 is the provision that protects governmental entities from state law intentional torts claims, and there is no waiver of immunity from these claims.[76] Thus, Plaintiff cannot sue Defendant for assault and battery and intentional infliction of emotion distress under state law. Additionally, Texas Civil Practice and Remedies Code Section 101.051 provides "immunity to school districts and their employees from liability for damages caused by negligence except in circumstances relating to the use, maintenance or operation of motor vehicles." Plaintiff alleges negligence and negligence

---

[73] *Id.*
[74] Complaint at ¶ 4.7.
[75] *City of Watauga v. Gordon,* 434 S.W.3d 586, 587 (Tex. 2014); *see* Tex. Civ. Prac. & Rem. Code §101.021(2).
[76] *Id.* at 588.

per se, and neither claim is related to the operation of a motor vehicle. Thus, Defendant cannot be sued for negligence based on the facts alleged. Accordingly, the Court **DISMISSES** Plaintiff's claims for assault and battery, intentional infliction of emotional distress, and negligence and negligence per se.

### X. Holding

It is unfortunate for Plaintiff that her lawyer did not take the time to carefully read and follow the Court's order allowing her to amend her complaint because it precluded the Court from evaluating her Title IX claim under the proposed additional facts. The Court cannot say whether that claim would still have been dismissed, but the fact that the amended complaint could not even be considered is an egregious error on the part of Plaintiff's attorneys. Plaintiff has suffered a great disservice at the hands of her attorneys.

After evaluating the original complaint, the live pleading in this case, the Court finds the Plaintiff fails to state any cognizable claim under 42 U.S.C. §1983, 42 U.S.C. §1985, Title IX, or the state law claims of assault, battery, intentional infliction of emotional distress, negligence, and negligence per se. Thus, Defendant's motion to dismiss is **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED with prejudice.**

IT IS SO ORDERED.

DONE this 13th day of July, 2015, in McAllen, Texas.


Micaela Alvarez
UNITED STATES DISTRICT JUDGE